# EXHIBIT A



**Service of Process Transmittal**
06/12/2019
CT Log Number 535663096

| | |
|---|---|
| **TO:** | SANDRA SCHMITZ<br>ENTERTAINMENT USA, INC.<br>2198 E CAMELBACK RD STE 300<br>PHOENIX, AZ 85016-4747 |
| **RE:** | **Process Served in Arizona** |
| **FOR:** | Christie's Cabaret of Glendale, LLC (Domestic State: AZ) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KELLY STANDORF, etc., Pltf. vs. CHRISTIE'S CABARET, etc., et al., Dfts.<br>Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Certificate |
| **COURT/AGENCY:** | Maricopa County - Superior Court, AZ<br>Case # CV2019055472 |
| **NATURE OF ACTION:** | Employee Litigation - Violation of Arizona Wage Laws |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Phoenix, AZ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/12/2019 at 12:48 |
| **JURISDICTION SERVED:** | Arizona |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after the service upon you of the Summons and Complaint, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Troy P. Foster<br>The Foster Group, PLLC<br>7301 N. 16th Street, Ste 102<br>Phoenix, AZ 85020<br>602-461-7990 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air, 1ZX212780134855221<br><br>Email Notification, SANDRA SCHMITZ sandraeusa@att.net |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>3800 N Central Ave Ste 460<br>Phoenix, AZ 85012-1995<br>602-248-1145 |

Page 1 of 1 / AA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Troy P. Foster #017229
**The Foster Group, PLLC**
7301 N. 16th Street, Ste 102
Phoenix, Arizona 85020
Tel: 480.512.9202
tfoster@thefosterlaw.com
*Attorneys for Plaintiff*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN THE COUNTY OF MARICOPA

| | |
|---|---|
| KELLY STANDORF, a single woman<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTIE'S CABARET, an Arizona corporation; STEVE AND JANE DOE COOPER, husband and wife; and CINDY and JOHN DOE COOPER, husband and wife,<br><br>Defendants. | Case No.: CV 2019-055472<br><br>**SUMMONS**<br><br>**(Jury Trial Demanded)**<br><br>If you would like legal advice from a lawyer contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service upon you of the Summons and Complaint, exclusive of the day of service. If served out of the State of Arizona-whether by direct service, by registered on certified mail, or by publication-you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Direct service is complete when made.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

1

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, with the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. ARCP 10(d); ARS section 12-311; ARCP 5.

The name and address of Plaintiff's attorney is:

Troy P. Foster
**The Foster Group, PLLC**
7301 N. 16th Street, Ste 102
Phoenix, Arizona 85020

Request for reasonable accommodations for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding. Request for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceedings.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. Rules 5 and 10(d), Ariz. R. Civ. Proc., A.R.S. 14 § 12-311.

JUN 10 2019

SIGNED AND SEALED this date:_____

CLEARK OF THE SUPERIOR COURT

J. Fierro
Deputy Clerk

By:_____
Deputy Clerk

2

Troy P. Foster #017229
**The Foster Group, PLLC**
7301 N. 16th Street, Ste 102
Phoenix, Arizona 85020
Tel: 602-461-7990
tfoster@thefosterlaw.com

*Attorneys for Plaintiff*



IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN THE COUNTY OF MARICOPA

| | |
|---|---|
| KELLY STANDORF, a single woman<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTIE'S CABARET, an Arizona corporation; STEVE AND JANE DOE COOPER, husband and wife; and CINDY and JOHN DOE COOPER, husband and wife,<br><br>Defendants. | Case No.:<br><br>CV 2019-055472<br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

For its Complaint against Christie's Cabaret ("Christie's," "the Club," or "Corporate Defendant"), Steve Cooper and Cindy Cooper ("the Coopers"), and Plaintiff Kelly Standorf ("Ms. Standorf"), referred to jointly as "the parties," alleges as follows:

**Background Allegations and Jurisdiction**

1. At all times relevant to this Complaint, Plaintiff resided in Maricopa County, Arizona, and is a citizen of the State of Arizona.

2. At all times relevant to this Complaint, the Company was a Corporation authorized to conduct, and conducting business, in Maricopa County, Arizona.

3. The Company owns and operates several "Gentlemen's Clubs" located throughout Maricopa County, Arizona and in other states across the country.

1

4. At all times relevant to this Complaint, Defendant Steve Cooper was the owner of the Company.

5. At all times relevant to this Complaint, Defendant Cindy Cooper was the Company's General Manager.

6. Upon information and belief, Defendants Steve Cooper and Cindy Cooper are brother and sister.

7. Upon information and belief, the Coopers are married to other individuals yet to be identified and labeled currently as Jane Doe and John Doe Cooper, respectively.

8. Upon information and belief, the Coopers' respective marital communities benefited from the acts and omissions alleged in this Complaint.

9. Defendants Steve and Cindy Cooper, as well as other yet unnamed managers/operators, exercise managerial responsibility and substantial control over the terms and work conditions of the Company's employees. Among other things, these Defendants are individually and jointly authorized to hire and fire employees, classify their work status, supervise and control employee work schedules and conditions of employment, determine the rate and method of payment, maintain any employment records that may exist, and draft, implement, and enforce employee policies.

10. Ms. Standorf, Plaintiff, was an employee of Defendants from May 2003 to late June 2018.

11. At all times relevant to this Complaint, Defendants employed Plaintiff as a "House Mom."

12. The Corporate Defendant is an employer as defined in 29 U.S.C. § 203(d).

13. All non-corporate Defendants are "persons" as defined in the respective federal and state wage laws.

14. The Corporate Defendant is an employer as defined in A.R.S. § 23-350(3).

15. Defendant is not exempt from paying Plaintiff for work performed as required by the Act or Arizona's Fair Wages and Healthy Families Act ("Fair Wages Act").

16. Plaintiff is an employee as defined by both the FLSA and Fair Wages Act.

17. The acts and omissions forming the basis of this Complaint occurred in Arizona.

18. Jurisdiction and venue are appropriate in this Court.

### General Factual Allegations

19. The Corporate Defendant's operations across Arizona provide adult entertainment as described on its website at www.christiescabaret.com.

20. The Corporate Defendant has customers from states outside of Arizona and traveling to/from/through Arizona to other states.

21. The Corporate Defendant has locations in Arizona and other states.

22. As part of that service, Defendants utilizes entertainers and dancers in its Clubs.

23. At all times relevant to this Complaint, Defendants employed "House Moms" throughout its various operations.

24. Plaintiff served as Defendants' House Mom in the Tempe, Arizona operation for 16 years.

25. Defendants set Plaintiff's schedule. Her set schedule was Tuesdays through Saturdays from 6:30pm to 2:30am every week.

26. On several occasions throughout her employment, Plaintiff worked more than 40 hours in a single week to complete her tasks and/or fill in for other employees' unexpected absences.

27. During her 16 years of work for them, Defendants never paid Plaintiff.

### General Allegations Regarding Employee Status

28. Defendants required Plaintiff to work during her scheduled shifts.

29. If Plaintiff was sick or otherwise could not work a shift, she was required to notify Defendants and/or their agent.

30. Defendants supervised and controlled Plaintiff's work environment and duties.

31. Plaintiff's work for Defendants was ongoing, regular, and routine.

3

32. All of Plaintiff's duties were performed on the Corporate Defendant's premises.

33. Plaintiff's duties were integral to the Corporate Defendant's business.

34. Plaintiff's longevity – 16 years – constituted permanence.

35. Plaintiff worked exclusively for Defendants for the entire 16-year period.

### Sampling of Specific Employee Duties

36. Plaintiff attended all of Corporate Defendant's "Club meetings."

37. Plaintiff ensured that the Corporate Defendant's employees and entertainers were compliant with all rules and regulations; she was obligated to remedy and/or report any continued violations or non-compliance.

38. Plaintiff conducted auditions for entertainers, and completed the paperwork for the same.

39. Plaintiff provided new entertainers with an orientation and tour.

40. Plaintiff was the first point of contact for any complaints in the Club.

41. Plaintiff called entertainers in to work and assisted with scheduling them.

42. On one occasion, Defendants formally disciplined Plaintiff for not having enough entertainers on the schedule.

43. Throughout each shift, Plaintiff coordinated the entertainers' music with the disc jockey.

44. Plaintiff ensured that the entertainers were up to club standards throughout her shift; if any was not, Plaintiff would assist with hair, make-up, etc.

45. Plaintiff collected the entertainers' shift fees and rang them into the register each night. Plaintiff kept a log to ensure collection of all fees.

46. Plaintiff reconciled these collections, documented them, and was required to fax this paperwork to Defendant's corporate office each night.

47. Plaintiff tracked the entertainers' hours and work performed.

48. Plaintiff regularly cleaned out abandoned lockers, cleaned the dressing room and women's bathroom.

49. Plaintiff ran merchandise sales multiple times each shift and reconciled the sales/payments received.

50. Plaintiff maintained the entertainers' work files, required updates, as necessary, and filed updated paperwork in the appropriate files.

51. Plaintiff would, on regular occasions, fill in for other House Moms that were unable to work their shifts.

52. Plaintiff also regularly worked table shifts, in addition to her duties as House Mom, when there were absences or vacancies.

### Time Worked

53. During her 16-year tenure, Plaintiff worked not less than 45 hours each week spread across the year for at least 50 of the year's 52 weeks.

54. Defendants never paid Plaintiff for any of her time worked.

55. Rather, Defendants asked the entertainers to tip Plaintiff in lieu of Defendants compensating Plaintiff in any way.

### Count One: Violation of FLSA (Minimum Wage) (Against All Defendants)

56. Plaintiff re-alleges and incorporate by reference paragraphs 1-55 as if fully set forth herein.

57. Plaintiff worked approximately 36,000 hours for Defendants during her tenure.

58. Defendants failed to pay Plaintiff for any hours worked.

59. Defendants required Plaintiff to work for their financial benefit and to Plaintiff's detriment.

60. As such, Defendants failed to pay Plaintiff the federal minimum wage.

61. Defendants' failures were willful.

62. Plaintiff is entitled to recover all unpaid wages, liquidated damages in an amount equal to the unpaid wages, reasonable attorneys' fees, and costs of the action.

**Count Two: Violation of Arizona Wage Laws (23-350 et seq. and 23-362 et seq.)**

**(Against All Defendants)**

63. Plaintiff re-alleges and incorporates by reference paragraphs 1-62 as if fully set forth herein.

64. The Corporate Defendant was Plaintiff's employer pursuant to A.R.S. § 23-350(3) and 23-362(B).

65. Plaintiff was an employee pursuant to A.R.S. § 23-350(2) and A.R.S. § 23-362(A).

66. Defendants' actions were willful, as defined by Arizona law.

67. Defendants' actions constitute a "continuing course" as defined by A.R.S. § 23-364(H).

68. Plaintiff is entitled to recover for "all violations . . . regardless of their date," as outlined in A.R.S. § 23-364(H).

69. Plaintiff was entitled to at least the minimum wage for the entirety of her shift at the Club.

70. Plaintiff was entitled to at least the minimum wage for attendance at required meetings.

71. Plaintiff is entitled to 1.5 times her hourly rate for time in excess of 40 hours worked each week.

72. Defendants' violations were willful, intentional, and there was no good faith dispute to justify withholding wages.

73. Plaintiff is entitled to treble damages for wages unlawfully withheld pursuant to A.R.S. § 23-355.

74. Plaintiff is also entitled to reasonable attorneys' fees and costs for her efforts in collecting the unpaid wages.

**Conclusion**

**THEREFORE**, Plaintiff respectfully requests the following relief:

A. An award of unpaid wages in an amount appropriate to proof adduced at trial pursuant to 29 U.S.C. § 207 and 216(b) and A.R.S. §§ 23-355 and 23-362, for her entire time of employment pursuant to A.R.S. § 23-364(H).

B. An award of liquidated damages in an amount appropriate to the proof adduced at trial pursuant to 29 U.S.C. § 216(b).

C. Statutory penalties for willful violations of 26 U.S.C. § 7434;

D. Punitive damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-355;

E. An award of treble damages pursuant to A.R.S. § 23-355; and

F. Pre- and post-judgment interest on the amount of unpaid wages.

**DATED** this 10th day of June, 2019.

**The Foster Group, PLLC**

Troy P. Foster
7301 N. 16th Street, Ste 102
Phoenix, Arizona 85020
*Counsel for Plaintiff*

7

1  Troy P. Foster #017229
   **The Foster Group, PLLC**
2  7301 N. 16th Street, Ste 102
   Phoenix, Arizona 85020
3  Tel: 480.512.9202
   tfoster@thefosterlaw.com
4  *Attorneys for Plaintiff*



COPY
JUN 10 2019
CLERK OF THE SUPERIOR COURT
J. FIERRO
DEPUTY CLERK

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN THE COUNTY OF MARICOPA

| | |
|---|---|
| KELLY STANDORF, a single woman, <br><br> Plaintiff, <br><br> vs. <br><br> CHRISTIE'S CABARET, an Arizona corporation; STEVE AND JANE DOE COOPER, husband and wife; and CINDY and JOHN DOE COOPER, husband and wife, <br><br> Defendants. | Case No.: <br><br> CV2019-055472 <br><br> **CERTIFICATE OF COMPULSORY ARBITRATION** <br><br> **(Jury Trial Demanded)** |

The undersigned certified that she knows the dollar limits and any other limitations set forth by local rules of practice for the applicable superior court, and further certifies this case *is not* subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure because the amount of the award sought exceeds the jurisdictional limit set forth in L.R. 3.10(a).

**DATED** this 10th day of June, 2019.

The Foster Group, PLLC

/s/ Troy P. Foster
Troy P. Foster
7301 N. 16th Street, Ste 102
Phoenix, Arizona 85020
*Counsel for Plaintiff*

1