**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly Standorf,<br><br>    Plaintiff,<br><br>v.<br><br>Christie's Cabaret, *et al.*,<br><br>    Defendants. | No. CV-19-04700-PHX-JJT<br><br>**ORDER** |

At issue is Defendants Christie's Cabaret of Glendale, LLC ("CCOG") and Steve Cooper's Motion for Summary Judgment (Doc. 90), to which Plaintiff Kelly Standorf filed a Response (Doc. 112) and Defendants CCOG and Mr. Cooper filed a Reply (Doc. 125). Plaintiff also filed a Motion for Summary Judgment (Doc. 138), to which Defendants CCOG, Mr. Cooper, and Out West Ventures ("OWV"), a third Defendant added later in the litigation, filed a Response (Doc. 141), and Plaintiff filed a Reply (Doc. 143). And finally, with leave of the Court, Defendant OWV also filed its own Motion for Summary Judgment (Doc. 146), to which Plaintiff filed a Response (Doc. 148), and Defendant OWV filed a Reply (Doc. 154). The Court has reviewed the parties' briefs and finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f). For the reasons stated below, the Court will grant in part Defendants CCOG, Mr. Cooper, and OWV's Motions for Summary Judgment deny all other pending motions without prejudice and remand the remaining claims to state court.

## I. BACKGROUND

Mr. Cooper owns multiple gentlemen's clubs in the United States. His business, OWV, opened a club in Tempe, Arizona under the tradename Christie's Cabaret ("Christie's Tempe") in 2002. (Doc. 146 at 4.) Plaintiff worked as a House Mom at Christie's Tempe for sixteen years. (Doc. 148 at 2.) House Moms are individuals in the gentlemen's club industry who are granted access to clubs and provide services to the entertainers. (Doc. 146 at 3.) As such, Plaintiff ran her own business inside Defendants' clubs providing hair, make up, and other beauty products and services to the entertainers in exchange for tips from them. (Doc. 146 at 2; Doc. 148 at 2.) Plaintiff did not receive any payments from Defendants for providing services within their premises. (Doc. 148 at 2.) Plaintiff alleges that after a couple years, managers at Christie's Tempe were relying on Plaintiff to do many other tasks that fell outside the scope of typical House Mom work including: "(1) auditioning Christie's entertainers; (2) providing orientation to new dancers; (3) assigning lockers to entertainers and being the last one out of the locker room at night; (4) calling entertainers in to work at the club; (5) assisting entertainers with new hire paperwork; (6) terminating an entertainer's contract with the club; (7) tracking entertainers' house fee[s]; (8) tracking house fee and merchandise payments; [and] (9) accounting for what fees entertainers owed the club" (collectively referred to as "non-traditional House Mom duties"). (Doc. 148 at 3-4.) Plaintiff did not earn tips from the entertainers nor payment from Defendants for performing the non-traditional House Mom duties. (Doc. 148 at 4.)

To support her claims, alleging Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") and Arizona Wage Laws, A.R.S. § 23-350 *et seq.* and A.R.S. § 23-362 *et seq.*, or, in the alternative, Defendants were unjustly enriched by Plaintiff's services, Plaintiff relies on, among other things, the deposition testimony of a former Christie's Tempe entertainer, former Christie's Tempe employees (Jennie Schell, Jon Gates, Belinda Speth, and Kimberly Hood), and a different House Mom who worked at Defendants' clubs. (*Id.* at 4.) In particular, Ms. Schell states

> I'm pretty sure I remember [the managers] saying something about [Plaintiff] was supposed to get all the house fees and make sure all the girls paid. I know that was her role, to make sure all the girls paid their house fees….[S]he had to chase the girls around. If they didn't pay, then she had to make sure that they paid.

(Doc. 148 at 4.)

On numerous occasions, Defendants contend, Mr. Cooper instructed Plaintiff to cease performing tasks such as being involved in auditions and orientations, filling out paperwork, and handling club money. (Doc. 146 at 7.) Defendants urge, Plaintiff understood she was not required to help with additional tasks but wanted to anyway. (Doc. 146 at 4.) Defendants claim during the sixteen years Plaintiff operated her business in Defendants' club, she never requested Defendants compensate her for any tasks she performed in the club. (Doc. 146 at 5.) Defendants argue some of the non-traditional House Mom duties Plaintiff performed were to benefit her own business. (Doc. 146 at 4.) For example, collecting house fees from entertainers and delivering them to the club's register increased the likelihood Plaintiff would receive a tip since the entertainers were able to attend to patrons and earn additional income. (Doc. 146 at 4.) Further, keeping a sign-in sheet, Defendants allege, helped Plaintiff keep up with the entertainers, and attending orientations allowed House Moms to begin building relationships with entertainers. (Doc. 146 at 8-9.) Plaintiff contends each time Mr. Cooper instructed Plaintiff to stop performing non-traditional House Mom duties she would cease; however, within a few weeks, club managers would instruct Plaintiff to take those duties on again. (Doc. 112 at 5.)

At some point Defendants offered Plaintiff a job in their corporate office but Plaintiff turned it down. (Doc. 146 at 4.) Shortly thereafter, Defendants' informed Plaintiff she was no longer welcome to conduct her House Mom business within their club. (Doc. 90 at 4-5.) Plaintiff brought the instant lawsuit about fourteen months later.

## II.   LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material

fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*

In considering a motion for summary judgment, the Court must regard as true the non-moving party's evidence if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. The non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Anderson*, 477 U.S. at 256-57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

**III.   ANALYSIS**

Both parties raise multiple issues in their respective Motions, but the Court's analysis begins and ends with Defendants' argument's that Defendant CCOG should be dismissed and that Plaintiff's FLSA claim should be dismissed.

### A. Dismissal of CCOG

Plaintiff's Second Amended Complaint lists "Christie's Cabaret" as a Defendant. (Doc. 93 at 1.) Defendants contend, "there is no known legal entity by that name." (Doc. 90 at 6.) CCOG argues it was erroneously served the Complaint and should not be a party in this case. (Doc. 90 at 6.) The corporate entity that operates Christie's Tempe is OWV, not CCOG. (Doc. 90 at 6.) Plaintiff does not contest CCOG's argument in her Response to CCOG and Mr. Cooper's Motion for Summary Judgment. (Doc. 112.) Failure to respond to a motion may be deemed consent to the Court's granting of that Motion. LRCiv 7.2(i). Additionally, there is no evidence in the record to suggest CCOG is the proper party in this case. Accordingly, CCOG is dismissed.

### B. Statute of Limitations for FLSA Claims

The standard limitations period for FLSA claims is two years. 29 U.S.C. § 255(a). A three-year limitations period applies only if a plaintiff establishes willfulness. *Id.* Regardless of the applicable statutory period, Plaintiff cannot recover damages for violations accrued before the statutory period. *See Lemley v. Graham Cty.*, 2014 U.S. Dist. LEXIS 199267 (D. Ariz. May 15, 2014). Accordingly, a Plaintiff can only seek unpaid wages going back two years from the date of filing or, if the failure to pay was willful, three years from the date of filing. *Id.*; *see also* 29 U.S.C. § 255(a).

An employer willfully violates the FLSA only when it acts with actual knowledge or reckless disregard of whether its actions violate the FLSA. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). "To prove a particular FLSA violation willful under § 255, the Supreme Court has, in general, required evidence of an employer's 'kn[owing] or [ ] reckless disregard for the matter of whether its conduct was prohibited by the statute.'" *Alvarez v. IBP, Inc.*, 339 F.3d 894, 908–09 (9th Cir. 2003) (quoting *McLaughlin*, 486 U.S. at 135). An employer need not knowingly have violated the FLSA to be willful; rather, "the three-year term can apply where an employer disregarded the very 'possibility' that it was violating the statute, although [the Court] will not presume that conduct was willful in the absence of evidence." *Id.* (internal citations omitted).

Plaintiff argues Defendants were willful because Defendants' managers oversaw Plaintiff carrying out non-traditional House Mom duties and Mr. Cooper and OWV "never really tried to prevent [the managers] from taking advantage of [Plaintiff]." (Doc. 148 at 14.) Plaintiff contends "Defendants should have questioned whether the [Christie's Tempe] managers were jeopardizing Plaintiff's independence by overseeing and 'managing' the way in which she completed [tasks managers were responsible for]." (Doc. 148 at 14.) Defendants counter that Plaintiff was not an independent contractor or employee. (Doc. 146 at 11.) Instead, Plaintiff was operating her own business within Defendants' premises and performed non-House Mom duties to benefit her own business. (Doc. 146 at 11.) Additionally, Defendants contend Mr. Cooper spoke to Plaintiff multiple times to make clear she should not perform tasks on behalf of Defendants' business which Plaintiff acknowledged "she was not required to do." (Doc. 146 at 11-12.) The Court strains and fails to find evidence that Defendants' conduct was willful. Defendants and Plaintiff both acknowledge that they established a business relationship where Plaintiff was permitted to operate her own business inside Christie's Tempe. (Doc. 147 ¶ 3; Doc. 149 ¶ 3.) Plaintiff acknowledged this arrangement and never contested it during her sixteen years operating a business within Defendants' premises. Considering this evidence, the Court identifies no controverted issue of fact as to whether Defendants' conduct was willful.

As Defendants' conduct was not willful, the standard two-year limitations period for FLSA claims applies. 29 U.S.C. § 255(a). Plaintiff filed her original complaint on June 10, 2019; thus, the relevant time period runs from June 10, 2017 to June 10, 2019.[1] Defendants argue Plaintiff has failed to raise a triable issue of fact since Plaintiff exclusively relies on facts falling outside the relevant statutory time frame. (Doc. 146 at 12.) Additionally, Defendants urge, Plaintiff does not contest "sworn testimony from witnesses with knowledge of Plaintiff's business operations at [OWV]" during the relevant

---

[1] OWV argues the two-year limitation period for claims against it is December 8, 2018 to December 8, 2020 – instead of June 10, 2017 to June 10, 2019 – because OWV was added later in the litigation. OWV's argument is moot since the evidence Plaintiff relies upon falls outside either statutory time frame.

- 6 -

statutory period. (Doc. 154 at 3.) Plaintiff, in its Response, does not challenge Defendants' argument that Plaintiff has no claim within the two-year statutory period. Failure to respond to a motion may be deemed consent to the Court's granting of that Motion. LRCiv 7.2(i). Furthermore, in responding to a Motion for Summary Judgment, Rule 56 provides that the respondent must cite "to particular parts of materials in the record," and "[t]he court need consider only the cited materials" in the briefings. Fed. R. Civ. P. 56(c)(1), (3). Accordingly, Plaintiff's FLSA claim is dismissed as time-barred.

### C. Remand to State Court

Dismissing the FLSA claim eliminates the only federal claim before the Court. Thus, only Arizona state law and common law claims remain. District courts generally have supplemental jurisdiction over state law claims forming "part of the same case or controversy" as federal claims, but there are circumstances in which "[t]he district court may decline to exercise [this] jurisdiction," including when all federal claims have been dismissed. *See* 28 U.S.C. § 1367(a), (c). The decision is discretionary, and, if one of the § 1367(c) circumstances is present, "the exercise of discretion [is] triggered." *Exec. Software N. Am., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 24 F.3d 1545, 1557 (9th Cir. 1994), overruled on other grounds by *Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). Section 1367 plainly vests this discretion with the district court. 28 U.S.C. § 1367(c); *see also Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007) ("The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion."); *Imagineering, Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1309 (9th Cir. 1992) (providing that once all federal claims are dismissed, the exercise of jurisdiction over state law claims "is within the discretion of the federal district court" (emphasis added)), overruled on other grounds by *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) (*en banc*).

After dismissing all federal claims, a federal court "must reassess its jurisdiction by engaging in a pragmatic and case-specific evaluation of the myriad of considerations that may bear on the determination of whether to exercise supplemental jurisdiction." James

WM. Moore *et al.*, *15A Moore's Federal Practice – Civil* § 106.66[1] (2021). Such considerations include "economy, convenience, fairness, and comity." *Exec. Software*, 24 F.3d at 1557 (quoting *Imagineering*, 976 F.2d at 1309). These factors must be "weigh[ed] in each case, and at every stage of the litigation," *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

Considering these factors, the Court declines to exercise supplemental jurisdiction over the remaining state law claims here. First, comity strongly favors declining jurisdiction, as Plaintiffs would now proceed exclusively on violations of Arizona wage law and common law claims. *See Cohill*, 484 U.S. at 350. Also, notions of convenience and fairness weigh against exercising supplemental jurisdiction. This Court will be unable to try this case until 2023 and continuing this case in state court will result in neither unreasonable delay nor unreasonable inconvenience to the parties. Because the above factors weigh against exercising supplemental jurisdiction in this case, this Court declines to do so. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The Court will therefore remand the remaining claims back to the State Court. 28 U.S.C. § 1367(c)(3)

## IV.   CONCLUSION

If Defendants violated the FLSA, it was not willful, and thus a two-year statutory limitation period applies. Since Plaintiff exclusively relies on facts falling outside the relevant statutory time frame, Plaintiff has failed to raise a triable issue of fact and Plaintiff's FLSA claim is dismissed. In the absence of a federal question, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and will remand them to state court. Lastly, Defendant CCOG is dismissed from the case since it is not the corporate entity that operates Christie's Tempe.

**IT IS ORDERED** granting in part Defendants CCOG and Mr. Cooper's Motion for Summary Judgment (Doc. 90). Plaintiff's claims against CCOG are dismissed.

**IT IS FURTHER ORDERED** granting in part Defendant OWV's Motion for Summary Judgment (Doc. 146). Plaintiff's FLSA claim is dismissed as time-barred.

**IT IS FURTHER ORDERED** denying all other pending motions including Plaintiff's Motion for Summary Judgment (Doc. 138) in this action without prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment dismissing Defendant Christie's Cabaret of Glendale, LLC and Plaintiff's FLSA claim (Count 1).

**IT IS FURTHER ORDERED** directing the Clerk of Court to remand the remaining claims to Maricopa County Superior Court and close this case.

Dated this 13th day of December, 2021.

Honorable John J. Tuchi
United States District Judge